Battle, J.
 

 Among the instructions given by his Honor to the jury, was the following : “If the horse were
 
 pledged
 
 to secure the plaintiff, and, in conformity with that pledge, passed into the plain tiff’s possession, and continued in his possession, he would have such a property in the animal as would enable him to maintain the action of trover; and a loan of the animal to Reich for a special use, under the circumstances stated by him, would not be such a change or interruption of possession as to prevent a recovery, provided the pledge and possession
 
 wer& bona fide
 
 in the plaintiff.” With this instruction we do not agree, and wo think it is opposed, in principle, to the recent case, decided in this Court, of
 
 Smith
 
 v. Sasser, 4 Jones’ Rep. 43. The only difference between the facts of that case and the present, ib>\ u-nn-m of time during which the pawnor had the article in ;>ouA:-ic»',
 
 *109
 
 after a redelivery by the pawnee, before be sold it. But that cannot make any difference in the rule of law applicable to the transaction. i By giving up the possession of the article pawn-j ed, the pawnee lost his lien, and it would be a fraud upon ani innocent purchaser from the pawnor, if the pawnee were per-/ rnitted to recover the pawn from him. In the case of
 
 Roberts
 
 v. Wyatt, 2 Term Rep. 268, it was made a question whether, even as between the parties themselves, a redelivery of the thing pledged, for a temporary purpose only, would not prevent the pawnee from recovering it back from the pawnor, after the purpose was fulfilled. It was, indeed, decided that the pawnee might recover from the pawnor; but if a doubt existed in such a case as that, it would hardly be pretended that a recovery would be allowed from one who claimed as a
 
 bona fide
 
 purchaser from the pawnor. See Story on Bail-ments, sec. 299. .
 

 The judgment must be reversed, and a
 
 venire de novo
 
 awarded.
 

 Per Curiam, Judgment reversed.